UNITED STATES, Appellee

v.

Terrance S. MILTON, Specialist
U.S. Army, Appellant.

No. 96–0962.
Crim.App. No. 9501436.

U.S. Court of Appeals for
the Armed Forces.

Argued April 10, 1997.

Decided July 30, 1997.

For Appellant: *Captain Thomas Jay Barrett* (argued); *Colonel John T. Phelps, II, Lieutenant Colonel Michael L. Walters,* and *Major Leslie A. Nepper* (on brief); *Lieutenant Colonel John T. Rucker.*

For Appellee: *Captain Steven H. Levin* (argued); *Colonel John M. Smith, Lieutenant Colonel Eva M. Novak,* and *Major Lyle D. Jentzer* (on brief).

*Opinion of the Court*

CRAWFORD, Judge:

Pursuant to his pleas, appellant was convicted by a military judge sitting alone as a

special court-martial at Fort Huachuca, Arizona, of failure to obey a lawful general regulation by wrongfully carrying a firearm, assault, and breaking restriction (2 specifications), in violation of Articles 92, 128, and 134, Uniform Code of Military Justice, 10 USC §§ 892, 928, and 934, respectively. The convening authority approved the sentence of a bad-conduct discharge, confinement and forfeiture of $250 pay per month for 4 months, and reduction to E–1. The Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion.

We granted review of the following issue:

WHETHER THE ELEMENTS OF SIMPLE ASSAULT CAN BE ESTABLISHED BY THE SHOWING OF A CONCEALED WEAPON AND THE THREAT OF FUTURE HARM IF THE VICTIM ACTS IN A CERTAIN WAY.

We hold that there is not a substantial basis in law or fact to set aside appellant's pleas of guilty to assault. *See United States v. Prater*, 32 MJ 433, 436 (CMA 1991).

## FACTS

Because appellant's wife was the object of Specialist (SPC) Lavender's attention, appellant sought him out. Not knowing appellant's identity, SPC Lavender told appellant he was going to have sex with SPC Monica Milton, appellant's wife. Appellant told SPC Lavender that having an affair with Monica would not be a good idea because her husband (appellant) was crazy. SPC Lavender, still not knowing appellant was Monica's husband, was apparently unimpressed and went into elaborate detail about this anticipated sex. At that point, appellant identified himself. Lifting his shirt and revealing, but not touching, a .380 automatic pistol tucked into his pants' waistband, he told SPC Lavender:

Now check this out, what I want you to do, I want you to stay away from my wife or me and you are going to have serious problems and when I say serious problems I mean we're going to have serious problems.

When the military judge asked why he lifted his shirt, appellant responded, "Because I wanted to get my point across to him that I wasn't joking about him messing with my wife."

SPC Lavender fled from appellant, running down the hall, outside the barracks, and back to his own barracks. Initially, appellant pursued him. During his flight, SPC Lavender told a friend to call 911. In response to the call, the Military Police (MP) arrived. Upon learning where appellant lived, the MPs went to his house. The door was answered by SPC Monica Milton, who said her husband was not at home. However, Sergeant Uhler, an MP, saw appellant in the front bedroom and so informed SPC Milton. Consequently, she then granted them permission to enter the quarters. Appellant was ordered out of the bedroom, and a search of appellant revealed a round of .380 caliber ammunition in his right front shorts pocket. A later search of the bedroom revealed seven rounds of ammunition and a .380 caliber pistol with a clip containing 10 rounds, with one round in the chamber.

During the providence inquiry, appellant admitted he understood that "[a]n assault by offer or unlawful force or violence is this: It's an act done by you intentionally which foreseeably causes another to reasonably believe that force will be immediately applied to his person."

Appellant showed SPC Lavender the gun to scare him. It had its intended effect, as evidenced by SPC Lavender's flight. Appellant admitted that once SPC Lavender fled, he "pursued him for a few minutes—well, for a few seconds," because he was angry about what SPC Lavender had said about his wife.

## DISCUSSION

Our standard of review is whether there is a " 'substantial basis' in law and fact for questioning the guilty plea." *Prater*, 32 MJ at 436.

The elements of simple assault are as follows:

● That the accused attempted or offered to do bodily harm to a certain person; and

● That the attempt or offer was done with unlawful force or violence.

Para. 54b(1)(a) and (b), Part IV, Manual for Courts–Martial, United States (1995 ed.).

Thus, under Article 128, there may be an attempt-type assault or an offer-type assault. An offer-type assault "is an unlawful demonstration of violence, either by an intentional or by a culpably negligent act or omission, which creates in the mind of another a reasonable apprehension of receiving immediate bodily harm." Para. 54c(1)(b)(ii), Part IV.

■ The explanations in the Manual are not binding. *United States v. Gonzalez,* 42 MJ 469, 474 (1995). Thus, the question is whether they comport with the Codal provisions.

■ An offer-type assault "may result from an offer of violence to another which puts that party in reasonable fear that immediate force will be applied to his person. . . . Words alone, or threats of violence to occur at some future date, are insufficient." *United States v. Hines,* 7 USCMA 75, 78, 21 CMR 201, 204 (1956). The Manual explanation of Article 128 states that mere preparation (such as picking up a stone to throw, but not throwing it), threatening words, or circumstances negating an intent to harm (such as conditional phrases like, "If you weren't an old man, I would knock you down.") do not constitute assault. Para. 54c(1)(c), Part IV.

■ An offer-type assault requires an overt act that produces a reasonable apprehension of bodily harm. Para. 54c(1)(b)(ii), Part IV. No words need be spoken to satisfy the elements of an offer-type assault if it appears that the victim was in danger of immediate bodily harm.

In *United States v. Smith,* 4 USCMA 41, 15 CMR 41 (1954), appellant and his victim were involved in an argument. After being separated and while approximately 10 yards apart, appellant extracted from his clothing a pocket knife with a blade about 5 inches in length and moved toward the victim with the knife in hand. The victim then turned and fled. The Court held that "[i]n light of the accused's visible possession of a cutting weapon, and because of his evinced hostility," the evidence could not be regarded as "insufficient to show that [the victim] reasonably feared injury unless he retreated to secure safety." *Id.* at 43, 15 CMR at 43. The Court stated that "[w]hen we consider the infringement of . . . [the victim's] right to be safe from attack, we must conclude that the proximity of the accused was such as to reduce to a practical zero the feeling of security he was entitled to enjoy." *Id.* at 44, 15 CMR at 44.

■ Appellant's actions constituted more than "merely showing a concealed weapon while making a conditional threat of future harm." Final Brief at 3. Appellant admitted that his actions would cause another "to reasonably believe that force will be immediately applied." In this case, the circumstances surrounding appellant's threatening words, coupled with a showing of a loaded weapon, satisfied the requirement that appellant maintain an apparent present intention and ability to inflict an injury. Appellant had the present ability and intention to put SPC Lavender in fear so that he would not approach appellant's wife again. The fact that the weapon was not pointed directly at the victim does not preclude the existence of an offer-type assault. Appellant admitted that he wanted to place SPC Lavender in fear and did. SPC Lavender fled into another building and asked a friend to call 911. Appellant did not have to brandish the weapon to get the intended result.

We hold that there is not a substantial basis in law or fact to find appellant's pleas improvident.

The decision of the United States Army Court of Criminal Appeals is affirmed.

Chief Judge COX and Judges GIERKE and EFFRON concur.

SULLIVAN, Judge (concurring in the result):

Appellant pleaded guilty and admitted to assaulting Specialist (SPC) Lavender. *See* Art. 128, Uniform Code of Military Justice, 10 USC § 928. Moreover, he expressly admitted that when SPC Lavender turned and fled from him, he pursued this soldier. The record thus shows an argument between ap-

pellant and the victim, appellant showing a gun to the victim, and the subsequent flight of the victim and his pursuit by appellant. Quite simply, this conduct by appellant, viewed in its entirety, constituted an assault. *See United States v. Jackson,* 6 USCMA 193, 204, 19 CMR 319, 330 (1955) (Latimer, J., concurring in the result); *United States v. Smith,* 4 USCMA 41, 15 CMR 41 (1954). At this point, post-trial speculation on whether appellant's display of his gun and conditional threat alone meet the requirements of an offer-type assault need not be entertained. *See United States v. Harrison,* 26 MJ 474, 476 (CMA 1988). Accordingly, I concur in the conclusion that appellant's guilty pleas stand.