UNITED STATES

v.

Technical Sergeant Charles
N. SOLLMANN, United
States Air Force.

ACM 35041.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 6 Dec. 2001.

Decided 31 March 2004.

Appellate Counsel for Appellant: Colonel Beverly B. Knott, Major Terry L. McElyea, Major Karen L. Hecker, Major Antony B. Kolenc, and Major Patrick J. Dolan.

Appellate Counsel for the United States: Colonel LeEllen Coacher and Lieutenant Colonel Lance B. Sigmon.

Before BRESLIN, Senior Judge, ORR, and GENT, Appellate Military Judges.

OPINION OF THE COURT

BRESLIN, Senior Judge:

The appellant pled guilty to raping a child under the age of 16 on divers occasions, obstructing justice on divers occasions, and possessing child pornography, in violation of Articles 120 and 134, UCMJ, 10 U.S.C. §§ 920, 934. A military judge sitting alone as a general court-martial accepted the appellant's pleas and sentenced him to a dishonorable discharge, confinement for 10 years, and reduction to E–1. The convening authority approved the adjudged sentence.

The case is before this Court for review under Article 66, UCMJ, 10 U.S.C. § 866. The appellant alleges that his conviction for possessing child pornography is "void," and that he is entitled to new post-trial processing because the staff judge advocate gave inaccurate advice to the convening authority on deferment of automatic forfeitures. Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), the appellant alleges that he was sentenced for offenses factually dif-

ferent from those to which he pled guilty. We find error, take corrective action, and affirm.

### Background

Beginning in 1991, the appellant babysat the victim about every two weeks. At the time, the victim was five years old. The appellant raped the child on these occasions. The offenses continued for several years.

In May 2000, the victim informed a classmate about what happened, who in turn informed authorities. The state police interviewed the appellant but he denied the offenses. The appellant then influenced the victim to recant and she did. The state investigators dropped the case.

The Air Force Office of Special Investigations (AFOSI) continued the investigation, however. The victim told AFOSI investigators what occurred. AFOSI agents interviewed the appellant and he eventually confessed to his crimes in a series of five handwritten statements.

### Possession of Child Pornography

■ The specification charging the wrongful possession of child pornography alleged that the appellant did "knowingly and wrongfully possess one or more images of child pornography, which conduct was prejudicial to good order and discipline or of a nature to bring discredit upon the armed forces." The charge was brought under Article 134, UCMJ, and the specification alleged grounds under both clause 1 and clause 2 of that article. *See generally Manual for Courts–Martial, United States*, Part IV, ¶¶ 60(c)(2); 60(c)(3) (2000 ed.).

As part of the providence inquiry required under Article 45, UCMJ, 10 U.S.C. § 845 and Rule for Courts–Martial (R.C.M.) 910(e), the military judge questioned the appellant about his understanding of the charged offense. The military judge advised the appellant of the elements of the charged offense as follows:

number one, that you knowingly possessed a book, magazine, periodical, film, videotape, computer disk, or any other material that contained an image of child pornography at or near Pasadena, Maryland, on or about 2 September 2000;

number two, that your possession was wrongful;

and number three, that under the circumstances your conduct was of a nature to bring discredit upon the armed forces or prejudicial to good order and discipline.

The military judge focused upon clause 2 of Article 134, UCMJ, which sanctions "all conduct of a nature to bring discredit upon the armed forces." However, in order to determine whether the charged conduct constituted an offense, the military judge looked at what the parties thought was an analogous offense: 18 U.S.C. § 2252A(a)(5)(A), which prohibits possession of child pornography within the territorial jurisdiction of the United States. The military judge defined the term "child pornography" using the definitions in 18 U.S.C. § 2256, including the definitions of child pornography contained in § 2256(8), subsections A through D.

The military judge explored the factual basis for the plea, inquiring about how the appellant obtained the images and his lack of legal justification or excuse for possessing them. The military judge also discussed at length with the appellant whether the images constituted child pornography.

MJ: So, is it fair to say that of the 100 images approximately 20 would actually meet the definition of child pornography and that the individuals depicted were under 18 years of age?

ACC: Yes, Your Honor.

MJ: And of those 20, did each of those images involve minors, meaning somebody under 18 years of age, engaged in some kind of sexual activity as I explained that to you earlier?

ACC: Yes, Your Honor.

MJ: What kind of sexual activity are we talking about here?

ACC: We're talking about naked children, sir.

The military judge explained at length that the fact that the images were of naked children does not mean it constituted child pornography. The appellant offered that, "the pictures depicted the minors undressed in sexually explicit poses or intimate acts."

The military judge also determined that the appellant understood and agreed that his possession of the images in question was service discrediting under clause 2, Article 134, UCMJ.

MJ: Do you agree that your possession of these images was of a nature to bring discredit upon the armed forces?

ACC: Yes, Your Honor.

MJ: And why do you believe that is so?

ACC: Your Honor, if this were to come out to the public, I'd feel that it would lower the esteem of the United States Air Force in the eyes of the public. I'm a representative of the United States Air Force, and I wear this uniform. And by the possession of these images, I think it would lower me and, hence being the Air Force's representative, lower the Air Force in the eyes of the public.

MJ: Do you feel that the fact that you're not a young airman, that you're a more experienced member of the Air Force would also tend to tie the activity with the Air Force generally as opposed to someone who's just been in the Air Force for, say, six months or so?

ACC: Most definitely, Your Honor.

The military judge accepted the appellant's plea and imposed the sentence indicated above. The convening authority approved the findings and sentence on 5 March 2002, and forwarded the record of trial for appellate review under Article 66, UCMJ.

On 16 April 2002, the Supreme Court released its opinion in *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002). The Supreme Court found that some language within 18 U.S.C. § 2256 defining child pornography unconstitutionally infringed upon free speech. Specifically, the Court found that the language of § 2256(8)(B), proscribing an image or picture that "appears to be" of a minor engaging in sexually explicit conduct, and the language of § 2256(8)(D), sanctioning visual depictions that are "advertised, promoted, presented, described or distributed in such a manner that conveys the impression that the material is or contains a visual depiction of a minor engaging in sexually explicit conduct," were

overly broad and, therefore, unconstitutional. *Id.* at 256–58, 122 S.Ct. 1389. Nonetheless, the Supreme Court reiterated that the government could constitutionally prohibit pornography involving actual children. *Id.* at 240, 122 S.Ct. 1389. *See generally New York v. Ferber*, 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982); 18 U.S.C. § 2256(8)(A).

The appellant argues at length that in accordance with the decision of the Supreme Court in *Free Speech Coalition*, portions of 18 U.S.C. § 2256 are unconstitutional. He contends, therefore, that his conviction for possessing child pornography is "void." The argument is of limited benefit however. First, the offense at issue is a violation of the general article, Article 134, UCMJ, clauses 1 or 2, not 18 U.S.C. § 2252A. Secondly, the Supreme Court did not strike down the statute in its entirety; rather, only portions of the statute were declared unconstitutional. The appellant also asks us to accept as fact the substance of the testimony of an expert in *United States v. Fox*, 248 F.3d 394, 403 (5th Cir.2001). However, our fact-finding power does not extend to the factual assertions of witnesses in separate, unrelated, federal cases.

We must determine whether the appellant's guilty plea to possessing child pornography was provident. The test is whether there is a " 'substantial basis' in law and fact for questioning the guilty plea." *United States v. Milton*, 46 M.J. 317, 318 (C.A.A.F. 1997) (quoting *United States v. Prater*, 32 M.J. 433, 436 (C.M.A.1991)). *See United States v. James*, 55 M.J. 297, 298 (C.A.A.F. 2001); *United States v. Bickley*, 50 M.J. 93, 94 (C.A.A.F.1999). If the "factual circumstances as revealed by the accused himself objectively support that plea," the factual predicate is established. *United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F.1996) (quoting *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A.1980)). We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Eberle*, 44 M.J. 374 (C.A.A.F.1996). "We will not overturn a military judge's acceptance of a guilty plea on a 'mere possibility' of a defense." *Faircloth*, 45 M.J. at 174. This Court will not "speculate post-trial as to the

existence of facts which might invalidate an appellant's guilty pleas." *United States v. Johnson,* 42 M.J. 443, 445 (C.A.A.F.1995). Of course, a guilty plea does not preclude a constitutional challenge to the underlying conviction. *Menna v. New York,* 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975).

The precise issue before us is whether, in the wake of the decision in *Free Speech Coalition,* there is a substantial basis in law or fact to question the providence of the appellant's guilty plea to violating Article 134, UCMJ, clauses 1 or 2, for possessing child pornography. Of course, "military courts ... have the same responsibilities as do the federal courts to protect a person from a violation of his constitutional rights." *Burns v. Wilson,* 346 U.S. 137, 142, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953). However, the Supreme Court recognized that "the rights of men in the armed forces must perforce be conditioned to meet certain overriding demands of discipline and duty." *Id.* at 140, 73 S.Ct. 1045. Certain conduct might enjoy First Amendment protection for persons in the United States but still be a prosecutable offense under the UCMJ if committed by a service member. "While members of the military are not excluded from the protection granted by the First Amendment, the different character of the military community and of the military mission requires a different application of those protections." *Parker v. Levy,* 417 U.S. 733, 758, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974).

Military law is replete with examples of conduct protected by the First Amendment when performed by a civilian in the United States, which are criminal offenses for service members. For example, it is a criminal offense under the UCMJ to use contemptuous language toward a superior commissioned officer (Article 89, UCMJ, 10 U.S.C. § 889), for an enlisted member to use disrespectful language toward a noncommissioned officer (Article 91, UCMJ, 10 U.S.C. § 991), or for a commissioned officer to speak contemptuously against the President, a state governor, or other high ranking officials (Article 88, UCMJ, 10 U.S.C. § 888). In the same way, conduct by an officer which is unbecoming an officer and a gentleman, or

conduct prejudicial to good order and discipline or conduct of a nature to bring discredit upon the armed forces, is punishable under Articles 133 or 134, UCMJ, 10 U.S.C. §§ 933, 934. *See Parker v. Levy,* 417 U.S. at 757, 94 S.Ct. 2547 (an officer's public statements urging black enlisted soldiers not to go to Vietnam held punishable under Articles 133 and 134, UCMJ); *United States v. Priest,* 45 C.M.R. 338, 1972 WL 14190 (C.M.A.1972) (publishing an underground newsletter critical of the United States' involvement in the Vietnam War); *United States v. Gray,* 42 C.M.R. 255, 1970 WL 7063 (C.M.A.1970) (making a statement disloyal to the United States); *United States v. Howe,* 37 C.M.R. 429, 1967 WL 4286 (C.M.A.1967) (officer's improper language about the President). Offenses prosecutable under Article 133 and Article 134, UCMJ, clauses 1 and 2, include: cross-dressing (*United States v. Guerrero,* 33 M.J. 295, 298 (C.M.A.1991)); (*United States v. Davis,* 26 M.J. 445 (C.M.A.1988)); making false statements about military operations to a high school assembly (*United States v. Stone,* 40 M.J. 420, 424–25 (C.M.A.1994)); asking strangers of the opposite sex intimate questions about their sexual activities (*United States v. Sullivan,* 42 M.J. 360, 366 (C.A.A.F.1995)); displaying a non-pornographic magazine to a child (*United States v. Orben,* 28 M.J. 172, 174 (C.M.A.1989)); writing a sexually suggestive letter to a child (*United States v. Hartwig,* 39 M.J. 125, 130 (C.M.A.1994)); communicating indecent language to an adult (*United States v. Moore,* 38 M.J. 490, 492 (C.M.A.1994)); telling an enlisted service member how to avoid detection by urinalysis (*United States v. Norvell,* 26 M.J. 477 (C.M.A.1988)); officer engaging in sexual relationship with enlisted member (*United States v. Tedder,* 24 M.J. 176, 181 (C.M.A. 1987)). The gravamen of these offenses is the adverse impact upon the military service; it is not necessary that the conduct itself otherwise be a crime. *Parker v. Levy,* 417 U.S. at 749, 94 S.Ct. 2547; *United States v. Bilby,* 39 M.J. 467, 470 (C.M.A.1994). Where such conduct includes speech, the forbidden speech is measured by its tendency to damage the reputation of the military, not its actual effect. *United States v. Saunders,* 59

M.J. 1, 11 (C.A.A.F.2003); *Hartwig*, 39 M.J. at 130 (citing *Priest*, 45 C.M.R. at 345).

Military courts have previously addressed cases quite similar to this one. In *Bilby*, 39 M.J. at 467, an officer pled guilty to soliciting the distribution of magazines and videotapes depicting child pornography, in violation of Article 133, UCMJ. As part of the providence inquiry, the military judge relied upon an uncharged federal statute, 18 U.S.C. § 2252, to define and discuss the elements of the offense. On appeal, the defense attacked the guilty plea and conviction by asserting that 18 U.S.C. § 2252 was unconstitutional because it lacked a scienter requirement. The (then) Court of Military Appeals noted the controversy surrounding the constitutionality of 18 U.S.C. § 2252 in light of the decision of the Ninth Circuit in *United States v. X–Citement Video*, 982 F.2d 1285 (9th Cir.1992). *Bilby*, 39 M.J. at 469. Nonetheless, the Court held that the underlying conduct of soliciting another to violate a federal statute prohibiting distribution of child pornography independently satisfied the requirements of Article 133, UCMJ, regardless of the constitutionality of the federal statute.

> We do not believe that it seriously can be doubted that a military officer's act of soliciting another person to violate a Federal statute is disgraceful and dishonorable conduct, *see Parker v. Levy*, 417 U.S. 733, 761, 94 S.Ct. 2547, 2564, 41 L.Ed.2d 439 (1974), without regard for the nature of the statute (that is, what it prohibits) or for the lawfulness of the statute (that is, whether it is ultimately upheld as constitutional). It is not necessary, under Article 133, that the conduct of the officer, itself, otherwise be a crime.

*Bilby*, 39 M.J. at 470. The decision in *Bilby* indicates that we should look at the underlying conduct to determine the providence of the plea in this case, without regard to the constitutionality of the analogous statute. *See also United States v. Choate*, 32 M.J. 423, 425 (C.M.A.1991) ("the specific elements of the crime ... as a matter of civilian ... law are not particularly relevant.").

In *United States v. Sapp*, 53 M.J. 90 (C.A.A.F.2000), also decided before the decision in *Free Speech Coalition*, our superior court considered whether acts which did not constitute a violation of 18 U.S.C. § 2252 were punishable as a violation of Article 134, UCMJ, under clauses 1 or 2.

> It is clear from reading Article 134 that conduct which violates no specific statute may still be an offense thereunder if it is found to be prejudicial to good order and discipline or if it is of a nature to bring discredit upon the armed forces. *See United States v. Williams*, 17 MJ 207, 215–16 (CMA 1984); *United States v. Mayo*, 12 MJ 286, 289 (CMA 1982); *United States v. Long*, 2 USCMA 60, 6 CMR 60, 1952 WL 2276 (1952). We have no doubt that the knowing possession of images depicting sexually explicit conduct by minors, when determined to be service-discrediting conduct, is a violation of Article 134.

*Sapp*, 53 M.J. at 92. *See also United States v. Augustine*, 53 M.J. 95 (C.A.A.F.2000).

Considering the precedent established by this solid body of law, we would have no difficulty affirming the appellant's knowing, voluntary guilty plea to conduct prejudicial to good order and discipline or of a nature to bring discredit upon the armed forces. However, since the decision in *Free Speech Coalition*, our superior court has cast doubt upon this well-settled law.

In the nearly two years since the decision of the Supreme Court in *Free Speech Coalition*, our superior court has discussed charging possession of child pornography under Article 134, UCMJ, in only one case: *United States v. O'Connor*, 58 M.J. 450 (C.A.A.F. 2003). While *O'Connor* involved a conviction for violating 18 U.S.C. § 2252A charged under clause 3, Article 134, UCMJ, the Court also examined the viability of a charge under clauses 1 and 2, Article 134, UCMJ, as a lesser included offense. The Court found that, in light of the decision in *Free Speech Coalition*, whether "the possession of such visual depictions can be viewed as service discrediting now has a constitutional dimension that was not at issue in *Sapp* or *Augustine*." *O'Connor*, 58 M.J. at 454.

It is necessary to explore this "constitutional dimension." Writing for the Court in

*O'Connor,* Judge Erdmann asserted, "The Supreme Court has now extended a cloak of First Amendment protection to certain depictions of minors engaging in sexually explicit conduct." *Id.* Of course, the decision in *Free Speech Coalition* upheld the constitutionality of a statute prohibiting the possession of images of minors engaged in sexually explicit conduct, provided that actual minors were involved in the production of the images. *Free Speech Coalition,* 535 U.S. at 240, 122 S.Ct. 1389. The decision also reaffirmed the constitutionality of prosecuting obscenity under *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), where "the Government must prove that the work, taken as a whole, appeals to the prurient interest, is patently offensive in light of community standards, and lacks serious literary, artistic, political, or scientific value." *Id.* at 246, 122 S.Ct. 1389. The scope of the protection afforded by the First Amendment over such depictions remained the same as in the 1982 decision in *Ferber.* Thus, our superior court's reference to "certain depictions" which it found to be cloaked with First Amendment protection would only include those that do not involve actual minors and that would not be prosecutable as obscene material under *Miller.*

We are constrained from reversing a finding on the ground of an error, even constitutional error, unless that error "materially prejudices the substantial rights of the accused." Article 59(a), UCMJ, 10 U.S.C. § 859; *United States v. Powell,* 49 M.J. 460, 464 (C.A.A.F.1998). "[A]n otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt." *Delaware v. Van Arsdall,* 475 U.S. 673, 681, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). The test for determining whether a constitutional error is harmless is whether it appears "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

We turn to the specific conduct charged in this case as a violation of clauses 1 and 2 of Article 134, UCMJ: the possession of child pornography. The appellant argues that the plea is improvident because the appellant never stated that the images depicted "real" or "actual" children. However, employment of the adjectives "actual" or "real" in describing the minors is not determinative. Indeed, 18 U.S.C. § 2256(8)(A), which passed constitutional scrutiny under *Free Speech Coalition,* does not use either word to modify the term "minor." Normal usage and common-sense suggest that describing a person as a minor or a child indicates the subject is a real person, unless there is some qualifying language such as "appears to be," "virtual," or "computer-generated." *See United States v. James,* 55 M.J. 297, 300–01 (C.A.A.F.2001) (appellant's admissions that the images "depicted young females under the age of eighteen" and "minors" reasonably suggested depiction of actual minors). *Compare United States v. Maxwell,* 45 M.J. 406, 424 (C.A.A.F. 1996) ("However, we do not believe that in taking steps to eradicate the evil of child pornography, Congress intended to erect a virtually insuperable barrier to prosecution by requiring that a recipient or a distributor of pornography must have knowledge of the actual age of the subject, which could only be proved by ascertaining his identity and then getting a birth certificate or finding someone who knew him to testify as to his age.").

In *O'Connor,* 58 M.J. at 453, the Court ruled that, in order to find a guilty plea provident, "his plea inquiry and the balance of the record must objectively support the existence of this factual predicate," i.e., that the images involved actual minors. The factual predicate includes the appellant's responses to the military judge's questions. In each response, the appellant described the images as being "children" or "minors," defined as someone under 18 years of age, engaged in sexual activity. At no time did the appellant ever indicate that he thought the images in question were "computer generated" or "virtual" photographs. The substantive discussion of the offense did not include any reference to images that "appear to be" minors. For that reason, this case is markedly different than *O'Connor,* where there was an indication that the appellant's plea may have been based upon the "appears to be" language of the statute later struck

down in *Free Speech Coalition.* Where, as here, the appellant indicated repeatedly that the images were of minors and that minors are children under the age of 18, we find a sufficient basis to conclude that the appellant's plea was provident. To do otherwise would require speculation on our part, and we will not "speculate post-trial as to the existence of facts which might invalidate" a guilty plea. *Johnson,* 42 M.J. at 445.

The factual predicate may also include the images in question. This Court may review the images to determine whether they are consistent with the appellant's plea. *See James,* 55 M.J. at 301; *United States v. Hall,* 312 F.3d 1250, 1260 (11th Cir.2002), *cert. denied,* 538 U.S. 954, 123 S.Ct. 1646, 155 L.Ed.2d 502 (2003); *United States v. Richardson,* 304 F.3d 1061, 1064 (11th Cir.2002) ("We have examined the images shown to the jury. The children depicted in those images were real; of that we have no doubt whatsoever."), *cert. denied,* 537 U.S. 1138, 123 S.Ct. 930, 154 L.Ed.2d 832 (2003); *United States v. Tynes,* 58 M.J. 704 (Army Ct.Crim.App. 2003), *pet. granted,* 59 M.J. 31 (C.A.A.F. 2003); *United States v. Kimler,* 335 F.3d 1132 (10th Cir.2003) (*Free Speech Coalition* does not require either direct evidence of the identity of the children in the images or expert testimony that the images are of real children rather than computer generated "virtual" images), *cert. denied,* — U.S. —, 124 S.Ct. 945, 157 L.Ed.2d 759 (2003). *See also United States v. Sanchez,* 59 M.J. 566 (A.F.Ct.Crim.App.2003). The images in question were not "computer-generated images," "a Renaissance painting depicting a scene from classical mythology," or scenes from Hollywood movies involving actresses over 18 years old. *Free Speech Coalition,* 535 U.S. at 241, 122 S.Ct. 1389. Having reviewed the images, we find nothing inconsistent with the appellant's plea.

For these reasons, we are satisfied that any error of law in providing definitions under 18 U.S.C. § 2256(8)(B) and (D) was harmless beyond a reasonable doubt. The appellant's responses to the military judge's inquiries and the images in the record objectively support the guilty plea. *O'Connor,* 58 M.J. at 453; *James,* 55 M.J. at 300. We find

nothing in the plea inquiry or the balance of the record to suggest that accepting the appellant's guilty plea to a violation of Article 134, UCMJ, clauses 1 and 2, violated his First Amendment rights.

### *Deferment of Automatic Forfeitures*

The appellant contends that the staff judge advocate (SJA) provided inaccurate advice to the convening authority concerning his authority to defer automatic forfeitures, to the appellant's prejudice. We agree.

Trial concluded on 6 December 2001. On 12 December 2001, trial defense counsel submitted a request for the convening authority to defer and waive automatic forfeitures under Article 57(a)(2), UCMJ, 10 U.S.C. § 857(a)(2). The SJA forwarded the request to the convening authority on 21 December 2001. The SJA advised the convening authority that Article 57(a)(2), UCMJ, only authorized deferment of forfeitures adjudged at trial, and not automatic forfeitures arising under Article 58b, UCMJ, 10 U.S.C. § 858b. The SJA also opined that there was a sufficient family need to approve the request for waiver of automatic forfeitures. The convening authority approved the request for waiver of automatic forfeitures, beginning on 27 December 2001. He denied the request for deferment on the grounds that, "Article 57 of the UCMJ does not authorize deferment of the automatic forfeitures in this case."

Article 57(a)(1), UCMJ, addresses forfeitures of pay "included in a sentence of a court-martial." On its face, the section would appear to apply only to adjudged forfeitures. However, Article 58b(a)(1), which provides for automatic forfeitures, states that "[t]he forfeiture pursuant to this section shall take effect on the date determined under section 857(a) of the title (article 57(a)) and may be deferred as provided in that section." Thus, we find that the SJA's advice to the convening authority was inaccurate and misleading.

Rule for Courts–Martial 1101(c)(3) provides that, "The decision of the authority acting on the deferment request shall be subject to judicial review only for abuse of discretion." In other circumstances, military courts have found an abuse of discretion

where the decision authority applies an erroneous view of the law. *See United States v. Wardle*, 58 M.J. 156, 157 (C.A.A.F.2003) (military judge's review of the legality of pretrial confinement); *United States v. Taylor*, 47 M.J. 322, 325 (C.A.A.F.1997) (service court's reassessment of sentence after error); *United States v. Sullivan*, 42 M.J. 360, 363 (C.A.A.F.1995) (military judge's ruling on admissibility of evidence). In the same way, we conclude that a convening authority may not properly exercise his discretion when his actions are based upon an erroneous view of the law. We hold that the convening authority abused his discretion in denying the appellant's request for deferment of automatic forfeitures based upon the inaccurate advice of the SJA.

We also find that the error materially prejudiced the appellant's substantial rights. Trial defense counsel made an adequate showing of family need in this case. Indeed, the SJA concurred that the demonstrated need was sufficient to justify the waiver of automatic forfeitures. We find that the convening authority would have approved the deferment of automatic forfeitures had he received accurate legal advice.

In light of this error and the demonstrated prejudice, the appellant's request for deferment of automatic forfeitures was improperly denied. We hold that the appellant is entitled to the amount of automatic forfeitures withheld from 14 days after trial until 27 December 2001, the effective date of the convening authority's waiver of automatic forfeitures.

### Sentencing Evidence

The appellant, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), asserts that he was sentenced for conduct more egregious than that to which he admitted during his guilty plea to rape. We considered the allegation carefully, and find it to be without merit. There is no indication the military judge considered evidence in sentencing other than that properly admitted at trial on this issue.

### Conclusion

In light of the corrective action noted above, the approved findings and sentence are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ; *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F.2000). Accordingly, the approved findings and sentence are

AFFIRMED.