UNITED STATES, Appellee,

v.

Private First Class Andrew M. COLEMAN, United States Army, Appellant.

ARMY 9801240.

U.S. Army Court of Criminal Appeals.

24 Jan. 2001.

For Appellant: Captain Katherine A. Lehmann, JA (argued); Colonel Adele H. Odegard, JA; Major Jonathan F. Potter, JA; Captain David S. Hurt, JA (on brief); Lieutenant Colonel David A. Mayfield, JA; Major Scott R. Morris, JA.

For Appellee: Captain Arthur L. Rabin, JA (argued); Colonel David L. Hayden, JA; Major Anthony P. Nicastro, JA (on brief); Lieutenant Colonel Edith M. Rob, JA.

Before TOOMEY, Senior Judge, CARTER, and HARVEY, Appellate Military Judges.

## OPINION OF THE COURT

CARTER, Judge:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of carnal knowledge (three specifications), sodomy with a child (two specifications), indecent acts upon a child (two specifications), unlawful and knowing receipt of visual depictions of minors engaged in sexually explicit conduct,[1] and false swearing, in violation of Articles 120, 125, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925, and 934 [hereinafter UCMJ]. The adjudged sentence was a bad-conduct discharge, confinement for six years, forfeiture of all pay and allowances, and reduction to Private E1. The pretrial agreement required the convening authority to disapprove any confinement in excess of eight years. After reviewing appellant's Rule for Courts–Martial 1105 [hereinafter R.C.M.] matters, the convening authority adopted his staff judge advocate's recommendation and reduced appellant's confinement to five years, but otherwise approved the adjudged sentence. This case is before the court for review under Article 66, UCMJ, 10 U.S.C. § 866.

We heard oral argument on appellant's second assignment of error:

APPELLANT WAS NOT PROVIDENT TO CHARGE IV AND ITS SPECIFICATION BECAUSE THE FACTS DO NOT ESTABLISH THAT THE PRODUCTION OF THE VISUAL DEPICTIONS "INVOLVE[D] THE USE OF A MINOR" AS REQUIRED BY 18 U.S.C. § 2252(a)(2)(A).

For the reasons to be discussed, we disagree.

### Facts

Appellant was actively involved in "chatting" with minor girls on the Internet, engaging in sexual activity with minor girls, and exchanging and collecting sexually explicit photographs of minor girls. The carnal knowledge, sodomy, and indecent acts charges concerned appellant's sexual activi-

ties with three different girls, L.B., D.B., and D.P., all under the age of sixteen.

In the fall or winter of 1995, appellant met L.B. at an on-post bowling alley. Appellant was twenty-two years old. He knew that L.B. was fifteen years old. Within two weeks of meeting, they engaged in sexual intercourse at the home of one of L.B.'s friends.

In December 1997, appellant began conversing with D.B. in an Internet chat room. Appellant knew that D.B. was fourteen years old. After communicating over the Internet for two to three weeks, appellant met D.B. at an off-post movie theater. During the movie, appellant placed his hand under D.B.'s clothes, inserted his finger in her vagina, and rubbed her breasts over her shirt. The next evening, appellant accepted D.B.'s invitation to come to her parent's residence while she was alone. After taking their clothes off, appellant penetrated D.B.'s vagina with his finger and rubbed her breasts. Appellant then performed cunnilingus on D.B., after which they engaged in sexual intercourse on three occasions. D.B. also performed fellatio on appellant at his request. During a conversation on a subsequent date, appellant asked D.B. to let him take nude pictures of her or the two of them nude together. She agreed, but appellant never took any pictures of her. Appellant sent her, over the Internet, pictures of himself with his penis exposed.

In January 1998, appellant communicated with D.P. in an Internet chat room. D.P. told appellant that she was fourteen years old. Within a week of their initial conversation, appellant met D.P. at a pool on Fort Huachuca, Arizona. From there they drove to a remote site on post, where both appellant and D.P. took off their clothes in the uncovered bed of his pickup truck. Appellant penetrated D.P.'s vagina with his finger and she fondled his penis. Appellant then performed cunnilingus on D.P., after which they engaged in sexual intercourse.

---

1. Appellant was convicted under Article 134, UCMJ (clause 3—crimes and offenses not capital) of violating 18 U.S.C. § 2252(a)(2).

On 6 March 1998, appellant lied in a sworn statement concerning the number of times he had sexual intercourse with these girls. Two sworn statements by appellant, admitted during the providence inquiry, described other uncharged misconduct concerning underage girls and nude pictures. In one of these statements, appellant specifically admitted to sending nude frontal pictures of himself to girls under eighteen; to knowingly providing pornographic pictures to juveniles; to soliciting juveniles to let him take pictures of them in the nude or in sexually explicit positions; and to knowingly sending child pornography to persons in other states.

Between 1 November 1997 and 31 March 1998, appellant downloaded onto the hard drive of his computer approximately fifty-five images of what appeared to be minors engaged in sexually explicit conduct. Based upon these images, the Specification of Charge IV alleged that appellant:

> did at Fort Huachuca, Arizona 85613, on or between 01 November 1997 and 31 March 1998, unlawfully and knowingly receive visual depictions that had been transported by computer, via the Internet, in interstate and foreign commerce, which said visual depictions, when produced, involved the use of a minor engaging in sexually explicit conduct, and which said visual depictions are of such sexually explicit conduct, which is a violation of Title 18, United States Code, Section 2252(a) (1998).[2]

The parties stipulated to the following facts regarding the above offense:

On or between 01 November 1997 and 31 March 1998, PFC Coleman did possess, distribute and receive, via the Internet, computer reproductions containing images of child pornography, teen and pre-teen children nude and performing sexual acts. Over 50 images of child pornography were copied from PFC Coleman's computer depicting children as young as five engaging in various sexual acts with adults and other children. PFC Coleman did distribute these images to other juveniles and adults in Arizona as well as other states in the United States. PFC Coleman's conduct was of such nature to bring discredit upon the Armed Forces.

### 18 U.S.C. § 2252 Offense

■ In a two-pronged argument, appellant requests that we set aside and dismiss his conviction under 18 U.S.C. § 2252 and order a rehearing on his sentence. First, appellant argues that 18 U.S.C. § 2252, unlike the subsequently enacted 18 U.S.C. § 2252A, requires the actual exploitation of real children under the age of eighteen, as opposed to computer-generated images of children. Second, appellant claims his guilty plea is improvident because the military judge failed to specifically ask him how he knew that the images he downloaded were of real children rather than computer-generated images of children.

We agree with the first prong of appellant's argument. Both 18 U.S.C. §§ 2252 and 2252A proscribe pornographic materials involving children, although only § 2252A uses the term "child pornography"[3] in its

2. As noted by appellate defense counsel, the effective date of the 1998 amendments to 18 U.S.C. § 2252 was 30 October 1998, at least seven months after the date of appellant's receipt of these visual depictions. However, any error in specifying the date of the statute was harmless, insofar as no changes were made to 18 U.S.C. § 2252(a) in the 1998 amendments to the statute that would affect this case. We will remedy this error in our decretal paragraphs.

3. "Child pornography" is defined as:
   [A]ny visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where—

   (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;
   (B) such visual depiction is, or appears to be, of a minor engaging in sexually explicit conduct;
   (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct; or
   (D) such visual depiction is advertised, promoted, presented, described, or distributed in such a manner that conveys the impression that the material is or contains a visual depiction of a minor engaging in sexually explicit conduct.
   18 U.S.C. § 2256(8).

punitive provisions. The principal difference between 18 U.S.C. §§ 2252 and 2252A is that the former prohibits "visual depictions" [4] involving the use of an actual minor, while the latter includes computer-generated images. [5] Appellant was prosecuted under 18 U.S.C. § 2252(a)(2), which provides, in pertinent part, that it is a crime if a person "knowingly receives ... any visual depiction that has been ... transported in interstate or foreign commerce ... by any means including by computer ... if—(A) **the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (B) such visual depiction is of such conduct**" (emphasis added).

We disagree with appellant's assertion that his guilty plea was improvident because he failed to explicitly admit that the children in the images were "real," as opposed to computer-generated, images. During the providence inquiry, the military judge correctly explained the elements of 18 U.S.C. § 2252(a)(2) to appellant and read him the applicable statutory definitions of "minor," [6] "sexually explicit conduct," [7] "visual depiction," and "computer." Appellant admitted that the elements and definitions correctly described what he had done. He told the military judge that he downloaded onto his computer's hard drive material that he "should not have had." When asked what kind of material he had, the appellant stated that he had "[p]ictures of girls under the age

of 18, either by themselves or with somebody, partially nude, nude, performing [sexual] acts...." Appellant explained to the military judge, in detail, how he knew that the girls depicted in these images were minors. Appellant stated that the girls in the pictures were physically underdeveloped, had no public hair, had either small breasts or no breasts, were small in stature when compared to adults in the pictures, and that the girls' faces were young looking. Appellant told the military judge that he acquired these images from, and traded similar images with, people he talked to in chat rooms where the topic of discussion was children engaged in sexual intercourse or other sexual acts.

The military judge then examined with appellant the fifty-five images retrieved from appellant's computer. Appellant told the military judge that these images contained "[v]isual depictions of people under the age of 18 doing, either by themselves, or committing acts involving sex." The military judge individually discussed with appellant about a dozen of the pictures depicting the youngest girls. Again, appellant repeatedly and specifically explained to the military judge how he knew that the girls in each of these pictures were under eighteen based upon their physical underdevelopment, lack of pubic hair, small breasts or no breasts, and their young looking faces. [8] In several places appellant admitted that there was "no doubt" in his mind that some of these girls were under

---

4. "Visual depiction" is defined to include any "undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image." 18 U.S.C. § 2256(5).

5. What is now codified at 18 U.S.C. § 2252A was enacted as The Child Pornography Prevention Act of 1996. As the Senate Judiciary Committee then noted:

Current Federal law, U.S.C. title 18, sec. 2251 *et seq.*, ... appl[ies] ... only to visual depictions of children engaging in sexually explicit conduct whose production involved the use of an actual minor engaging in such conduct. Under present law, the Government must prove that every piece of child pornography is of a real minor being sexually exploited. Regrettably, computers and computer imaging technology unheard of only a few short years ago have opened the door to an entirely new means of producing child pornography.

S.REP. NO. 104–358, at 14–15 (1996). *See also id.* at 16–18 and *United States v. Kimbrough,* 69 F.3d 723, 733 (5th Cir.1995).

6. A "minor" is defined as "any **person** under the age of eighteen years." 18 U.S.C. § 2256(1) (emphasis added).

7. "Sexually explicit conduct" under 18 U.S.C. § 2252 means "actual or simulated—

(A) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;
(B) bestiality;
(C) masturbation;
(D) sadistic or masochistic abuse; or
(E) lascivious exhibition of the genitals or public area of any person."
18 U.S.C. § 2256(2).

8. Several of these images also show a young boy engaged in sexual activity with a young girl.

eighteen. Appellant's responses consistently and persuasively demonstrated his unequivocal belief that he intended to and did receive images created through the sexual exploitation of real children. Not a single response from appellant hinted or suggested that any of these images were computer-generated.

■ A plea of guilty should not be set aside on appeal unless there is a "substantial basis in law and fact for questioning the guilty plea." *United States v. Eberle*, 44 M.J. 374, 375 (1996) (quoting *United States v. Prater*, 32 M.J. 433, 436 (C.M.A.1991)). Our standard of review of a military judge's decision to accept an accused's guilty plea is abuse of discretion. *United States v. Gallegos*, 41 M.J. 446 (1995).

■ Had appellant pled not guilty and presented evidence that the images were computer-generated, the government may have had difficulty proving that real children were depicted in these images.[9] However, we do not review the adequacy of the providence of a guilty plea on the basis of post-trial speculation as to the existence of facts that might invalidate an accused's plea, particularly when such speculation contradicts the express admissions by the accused. *United States v. Johnson*, 42 M.J. 443, 445 (1995).

■ In our judgment, the record as a whole sufficiently established that appellant knowingly received, through interstate commerce,[10] visual depictions of real children engaged in sexually explicit conduct, as prohibited by 18 U.S.C. § 2252. This was a guilty plea. An unconditional guilty plea waives any objection "to the factual issue of guilt of the offense(s) to which the plea was made." R.C.M. 910(j). The theoretical pos-

sibility that a defense existed to this charge does not render appellant's plea improvident. *See United States v. Faircloth*, 45 M.J. 172, 174 (1996); *United States v. Clark*, 28 M.J. 401, 407 (C.M.A.1989). Appellant thoroughly explained why he believed that he had knowingly violated 18 U.S.C. § 2252. Although he offered no evidence that real children were depicted in these pictures, independent of his analysis of the images themselves, his unequivocal belief that he had collected pictures of minors was sufficient to support his guilty plea. *See Smith*, 47 M.J. at 591 (holding that appellant's "repeated admissions to his belief and knowledge that the images displayed were of minors" satisfied the requisite knowledge for a 18 U.S.C. § 2252(a)(2) violation); *see also United States v. Maxwell*, 45 M.J. 406, 424–25 (1996) (rejecting argument that actual knowledge of the minority of the individuals depicted is an essential element under 18 U.S.C. § 2252); *United States v. Brantner*, 54 M.J. 595, 602 (C.G.Ct.Crim.App.2000) (holding that all that is required for an accused to plead guilty to a violation of 18 U.S.C. § 2252(a)(2) is an admission by the accused to each element of the offense, or an indication that he believes each element is true). Accordingly, we find that nothing appellant said or failed to say during his providence inquiry "set[ ] up matter inconsistent with" his plea of guilty to a violation of 18 U.S.C. § 2252(a)(2). UCMJ art. 45(a), 10 U.S.C. § 845(a).

### Decision

We have considered appellant's other assignment of error and find it also to be without merit.

The court affirms only so much of the finding of guilty of the Specification of

---

9. For this reason, it may have been more prudent to charge appellant with a violation of 18 U.S.C. § 2252A, even though the constitutionality of 18 U.S.C. § 2252A is under attack. *Compare United States v. James*, 53 M.J. 612 (N.M.Ct.Crim.App. 2000) (relying on First and Eleventh Circuit Courts of Appeal decisions in holding that 18 U.S.C. § 2252A's ban of computer-generated child pornography is constitutional), *petition granted*, — M.J. ——, No. 00–0592/NA, 2000 CAAF LEXIS 1305 (Nov. 16, 2000), and *United States v. Mento*, 231 F.3d 912 (4th Cir.2000) (18 U.S.C. § 2252A is constitutional) *with Free Speech Coalition v. Reno*, 198 F.3d 1083 (9th

Cir.1999) (holding that portions of 18 U.S.C. § 2252A are unconstitutionally vague and overbroad, but that the constitutional portions of the statute are severable).

10. Appellant does not contest that the record supports that his receipt of these images over the Internet satisfies the interstate commerce requirement of 18 U.S.C. § 2252. *See United States v. Murray*, 52 M.J. 423, 425–26 (2000); *United States v. Smith*, 47 M.J. 588, 591–92 (N.M.Ct.Crim.App.1997).

Charge IV as finds that appellant did at Fort Huachuca, Arizona, on or between 1 November 1997 and 31 March 1998, unlawfully and knowingly receive visual depictions that had been transported by computer, via the Internet, in interstate or foreign commerce, which said visual depictions, when produced, involved the use of a minor engaging in sexually explicit conduct, and which said visual depictions are of such sexually explicit conduct, which is a violation of Title 18, United States Code, Section 2252(a)(2), in violation of Article 134, Uniform Code of Military Justice.

The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and the principles in *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), the court affirms the sentence.

Senior Judge TOOMEY and Judge HARVEY concur.