**UNITED STATES**

v.

**Airman First Class Jason P. APPELDORN, United States Air Force.**

**ACM 34942.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 9 Jan. 2002.

Decided 10 June 2002.

Appellate Counsel for Appellant: Colonel Beverly B. Knott and Major Jeffrey A. Vires.

Appellate Counsel for the United States: Colonel Anthony P. Dattilo, Lieutenant Colonel Lance B. Sigmon, and Captain Matthew J. Mulbarger.

Before YOUNG, BRESLIN, and HEAD, Appellate Military Judges.

OPINION OF THE COURT

YOUNG, Chief Judge:

Pursuant to a pretrial agreement, the appellant pled guilty to knowingly receiving 22 computer images of child pornography and knowingly possessing 19 pages of printed computer images of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(a)(5)(B), and Article 134, UCMJ, 10 U.S.C. § 934. The military judge accepted the appellant's plea and sentenced him to a bad-conduct discharge, confinement for 9 months, and reduction to E–1. The convening authority approved the adjudged sentence.

On 8 April 2002, the appellant submitted his case to this Court on its merits. On 16 April 2002, the Supreme Court held that portions of the Child Pornography Preven-

tion Act of 1996 (CPPA), 18 U.S.C. § 2251 *et seq.*, violated the free speech provisions of the First Amendment. *Ashcroft v. Free Speech Coalition*, —— U.S. ——, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002). In light of our duty, under Article 66(c), UCMJ, 10 U.S.C. § 866(c), to affirm only such findings of guilty as we find correct in law and fact, we specified the following issue:

WHETHER IN LIGHT OF *ASHCROFT V. FREE SPEECH COALITION*, NO. 00–795 (16 APR 2002), THE APPELLANT'S GUILTY PLEAS ARE PROVIDENT.

The CCPA is a comprehensive statute outlawing the possession, distribution, and transfer of child pornography in interstate commerce. In *Free Speech Coalition*, the Supreme Court held that two sections of the CCPA, 18 U.S.C. §§ 2256(8)(B) and 2256(8)(D), were overbroad and unconstitutional. Section 2256(8)(B) expanded the definition of child pornography from images of actual children to so-called "virtual child pornography"—"any visual depiction" that *"appears to be,* of a minor engaging in sexually explicit conduct." (Emphasis added). Section 2256(8)(D) expanded the definition of child pornography to any sexually explicit image that is "advertised, promoted, presented, described, or distributed in such a manner that *conveys the impression*" it depicts "a minor engaging in sexually explicit conduct." (Emphasis added). In advising the appellant of the elements of the offenses, and in extensive questioning of the appellant about his misconduct, the military judge included the definitions of child pornography specifically ruled unconstitutional by the Supreme Court in *Free Speech Coalition*.

 "A providence inquiry into a guilty plea must establish, *inter alia,* 'not only that the accused himself believes he is guilty but also that the factual circumstances as revealed by the accused himself objectively support that plea.'" *United States v. Higgins*, 40 M.J. 67, 68 (C.M.A.1994) (quoting *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A.1980)). *See also* Rule for Courts–Martial (R.C.M.) 910(e).

 We review the military judge's acceptance of a guilty plea for an abuse of discretion. *United States v. Eberle*, 44 M.J. 374, 375 (1996). Once the military judge has accepted a guilty plea as provident and has entered findings based on it, an appellate court will not reverse that finding unless the appellant establishes a substantial conflict between the plea and the accused's statements or other evidence of record. *United States v. Grimm*, 51 M.J. 254, 257 (1999). The "mere possibility" of such conflict is not a sufficient basis to overturn the trial results. *United States v. Prater*, 32 M.J. 433, 436 (C.M.A.1991) (citing *United States v. Logan*, 47 C.M.R. 1, 3, 1973 WL 14641 (C.M.A. 1973)).

 In a stipulation of fact entered into pursuant to his pretrial agreement, the appellant acknowledged that he received and possessed computer images, that were transported in interstate commerce, of individuals he knew "were minors under the age of 18 at the time the image was created ... engaged in sexually explicit conduct." When the military judge asked why he was guilty of the offenses, the appellant made the following statements:

Between approximately 1 July and 31 August of 2000, at F.E. Warren Air Force Base, Wyoming, on more than one occasion, I knowingly received 22 images of child pornography. I knew that these images were child pornography because they contained pictures of children less than 18–years–of–age engaging in sexually explicit conduct. These computer images were transported through interstate commerce because I received them off of the Internet using a computer.

 . . . .

On 4 January 2001, at F.E. Warren Air Force Base, Wyoming, I had 19 pages of computer images that contained child pornography in my possessions [sic]. I had those images in a pile that contained 40 pages of computer images of regular pornography, and kept them in my nightstand in my dorm room.

I knew these images were child pornography because they contained pictures of children that I believed were less than 18 years old engaged in sexually explicit conduct. These images were transported

through interstate commerce because I got them off of the Internet using a computer.... I knew this was wrongful because I knew it was against the law to look at these pictures.

We have carefully reviewed the appellant's guilty plea inquiry and are convinced his pleas were provident. The appellant admitted that the children were under the age of 18, or at least he believed them to be. Under these circumstances, that is sufficient. *See United States v. Faircloth,* 45 M.J. 172, 174 (1996). *Cf. United States v. Penister,* 25 M.J. 148, 152 (C.M.A.1987) (An accused's plea is provident if he is convinced of his guilt based on reliable evidence). In addition, the images he received and possessed, which were admitted into evidence along with his stipulation, are undeniably children under the age of 18. We are convinced beyond a reasonable doubt that these images were not "virtual child pornography" or visual depictions of adults that appear to be children.

The approved findings and sentence are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ; *United States v. Turner,* 25 M.J. 324, 325 (C.M.A. 1987). Accordingly, the approved findings and sentence are

AFFIRMED.