UNITED STATES

v.

Peter A. LECO, Quartermaster First
Class (E–6), U.S. Navy.

NMCCA 200201653.

U.S. Navy–Marine Corps Court
of Criminal Appeals.

Sentence Adjudged 24 July 2001.

Decided 23 Dec. 2003.

Lt Michael J. Navarre, JAGC, USNR, Appellate Defense Counsel.

Lt C.J. Hajec, JAGC, USNR, Appellate Government Counsel.

CDR Boyce A. Crocker, JAGC, USNR, Appellate Government Counsel.

Before DORMAN, Chief Judge, VILLEMEZ, and HARRIS, Appellate Military Judges.

HARRIS, Judge:

The appellant was tried by a general court-martial composed of a military judge alone. Pursuant to his pleas, the appellant was convicted of knowingly possessing and receiving child pornography, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 and 18 U.S.C. § 2252.

The appellant was sentenced to confinement for a period of 1 year, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority (CA) approved the adjudged sentence and, pursuant to a pretrial agreement, he suspended the adjudged forfeitures, waived the automatic forfeitures for a period of 6 months, suspended the adjudged reduction in pay grade, and suspended the automatic reduction in pay grade for a period of 6 months.

After carefully considering the record of trial, the appellant's two assignments of error, and the Government's response, we conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

## Background

Both charges relate to the appellant's misconduct in violation of 18 U.S.C. § 2252, which occurred from January 1999 through January 2000, at or near Aransas Pass, Texas. Both knowing receipt and possession of visual depictions of child pornography are prohibited by 18 U.S.C. §§ 2252(a)(2) and (4)(B), if: "(A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (B) such visual depiction is of such conduct[.]" 18 U.S.C. § 2252(a).

At trial, the military judge set forth the elements for the two offenses under the Charge. Neither the trial counsel nor the trial defense counsel objected to the omission of certain language from the elements of 18 U.S.C. §§ 2252(a)(2) and (4)(B), which require the production of the visual depiction to involve children engaging in sexually explicit conduct. The military judge simply asked, "Did you know at the time that there was a law specifically, Title 18, United States Code, Section 2252, was in existence?" Record at 19. The appellant replied, "Yes, sir." *Id.*

When asked how he knew "they were minor children," the appellant stated, "By approximate age, looking at them." *Id.* at 17. The military judge also asked whether "these were minors" and whether there was a "lack of physical development." *Id.* at 18. To both inquiries the appellant responded, "Yes, sir." *Id.* A stipulation of fact stated that the "visual depictions contained minors." Prosecution Exhibit 1 at 1–2. Further, the stipulation of fact did not mention anything about the production language contained in Specification 2 of the Charge. *Id.*

The military judge initially asked whether the visual depictions in Specification 2 were the same as those in Specification 1. The appellant stated, "Yes sir. They are the same." Record at 20. The military judge then asked, and the appellant agreed, "So do you adopt what you just told me for Specification 1 of the Charge for purposes of my inquiry[.]" *Id.* at 21. The military judge summarized Specification 2 stating, "Specifi-

cation 2 is knowingly receive [sic] one or more visual depictions of minors engaging in sexually explicit conduct."[1] *Id.* at 20.

On 16 April 2002, after the appellant's trial, but before the CA acted, the Supreme Court decided *Ashcroft v. Free Speech Coalition,* 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002), striking down portions of 18 U.S.C. § 2256 (1996)(current version at 18 U.S.C. § 2256 (2003)), thereby restricting the definition of child pornography applicable to 18 U.S.C. § 2252.

### Insufficient Providence Inquiry and Failing to State an Offense

In the appellant's first assignment of error, he asserts that his pleas to both Specifications 1 and 2 of the Charge were improvident, based on the failure of the military judge to explain or inquire into whether the production of the visual depictions involved actual children and portrayed sexually explicit conduct. The appellant suggests that this court should dismiss both Specifications 1 and 2 of the Charge. We disagree.

 In order to accept an accused's guilty plea, the military judge must conduct an inquiry establishing "not only that the accused himself believes he is guilty but also that the factual circumstances as revealed by the accused himself objectively support that plea." *United States v. Higgins,* 40 M.J. 67, 68 (C.M.A.1994)(quoting *United States v. Davenport,* 9 M.J. 364, 367 (C.M.A.1980)); *see United States v. Care,* 18 C.M.A. 535, 40 C.M.R. 247, 1969 WL 6059 (1969); *see also* Art. 45(a), UCMJ, 10 U.S.C. § 845. This inquiry must elicit sufficient facts to satisfy every element of the offense in question. RULE FOR COURTS-MARTIAL 910(e), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2000 ed.), Discussion. R.C.M. 910 requires the military judge to inform the accused of, and determine that the accused understands the nature of, the offense to which the guilty plea is offered. A military judge, however, is not required "to embark on a mindless fishing expedition to ferret out or negate all possible defenses or potential inconsistencies." *Unit-*

*ed States v. Jackson,* 23 M.J. 650, 652 (N.M.C.M.R.1986). If the "factual circumstances as revealed by the accused himself objectively support that plea," the factual predicate is established. *United States v. Faircloth,* 45 M.J. 172, 174 (C.A.A.F.1996)(quoting *Davenport,* 9 M.J. at 367).

 A judge's acceptance of a guilty plea will not be set aside absent an abuse of discretion. *United States v. Eberle,* 44 M.J. 374, 375 (C.A.A.F.1996). However, a guilty plea does not preclude a constitutional challenge to the underlying conviction. *Menna v. New York,* 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975). To prevail here, the appellant must demonstrate "a 'substantial basis' in law and fact for questioning the guilty plea." *Eberle,* 44 M.J. at 375 (quoting *United States v. Prater,* 32 M.J. 433, 436 (C.M.A.1991)). The appellant must "overcome the generally applied waiver of the factual issue of guilt inherent in voluntary pleas of guilty." *United States v. Dawson,* 50 M.J. 599, 601 (N.M.Ct.Crim.App.1999).

 "For simple military offenses whose elements are commonly known and understood by servicemembers, an explanation of the elements of the offense is not required to establish the providence of a guilty plea if the record otherwise makes clear that the accused understood those elements." *United States v. Nystrom,* 39 M.J. 698, 701 (N.M.C.M.R.1993)(citing *United States v. Kilgore,* 21 C.M.A. 35, 44 C.M.R. 89, 1971 WL 12456 (1971)). For more complex offenses, failure to explain the elements may result in reversal if the accused was unaware of the elements required to prove his guilt. *Nystrom,* 39 M.J. at 701–02 (citing *United States v. Pretlow,* 13 M.J. 85 (C.M.A.1982)).

 The various subsections of 18 U.S.C. § 2252 set out the numerous prohibitions designed to prevent child pornography, to forbid every act by which child pornography could adversely affect the United States, and to extend the prohibitions to the maximum

---

1. The appellant contends that this explanation almost mirror-images a provision of 18 U.S.C. § 2256(8)(B), later found to be unconstitutional, where it states "such visual depiction is, or ap-pears to be of a minor engaging in sexually explicit conduct." Appellant's Brief of 23 Dec 2002 at 3, n. 1.

extent of Congress' legislative authority under the Commerce Clause. We now consider whether the providence inquiry was sufficient to support the appellant's pleas to both receiving and possessing child pornography. As noted above, the appellant pled guilty to Specifications 1 and 2 of the Charge, which alleged violations of 18 U.S.C. § 2252 by both receiving and possessing child pornography. In effect, the appellant claims that his pleas to Specifications 1 and 2 of the Charge were improvident, because the Charge incorporated the unconstitutional definitions of 18 U.S.C. § 2256 (1996), under the Child Pornography Prevention Act (CPPA), which was partially struck down by the United States Supreme Court in *Free Speech Coalition*. *See* Appellant's Brief of 23 Dec 2002 at 6–7. Specifically, the appellant asserts that the military judge "failed to establish a basis for whether the real harm of child pornography was even present in this case, *i.e.* whether children were actually used to produce the explicit images." *Id.* at 9.

However, after conducting our own evaluation of the evidence, we disagree with the appellant's argument. The appellant's argument fails to convince us that the Supreme Court's ruling in *Free Speech Coalition* rendered his pleas invalid, and establishes no other grounds to question his pleas. In the appellant's case, as in *United States v. Martens*, 59 M.J. 501 (A.F.Ct.Crim.App.2003), the appellant did more than simply indicate that the pictures in question "appeared to be" actual children, he explained how he reached that conclusion. Additionally, nowhere in the record does it indicate that the images in question are "computer-generated" or "virtual" photographs. *Id.* at 508.

The appellant also claims his pleas to Specifications 1 and 2 of the Charge were improvident because he pled guilty understanding that the elements of the offenses included the definition of child pornography later found to be unconstitutional by the Supreme Court in *Free Speech Coalition*. *See* Appellant's Brief of 23 Dec 2002 at 3, n. 1. In effect, the appellant is asserting that the military judge's inquiry left open the possibility that he was pleading guilty under an unconstitutional provision of the CPPA.

In *Free Speech Coalition*, the Supreme Court addressed a challenge to two of the four sections of the CPPA defining "child pornography." 535 U.S. at 235, 122 S.Ct. 1389. The petitioners in *Free Speech Coalition* challenged language defining child pornography as images in which: (1) the visual depiction "is, *or appears to be,* of a minor engaged in sexually explicit conduct"; or, (2) the image is "advertised, promoted, presented, described, or distributed in such a manner *that conveys the impression*" that it depicts "a minor engaging in sexually explicit conduct." *Id.* at 250, 122 S.Ct. 1389 (emphasis added); *see also* 18 U.S.C. §§ 2256(8)(B) and (D)(1996). Finding these provisions prohibited a "substantial amount of protected speech," the Court in *Free Speech Coalition* deemed the challenged language overbroad and unconstitutional. 535 U.S. at 255, 122 S.Ct. 1389. The Court's ruling left intact two definitions of "child pornography," including the definition in the provision targeting images where "the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct." 18 U.S.C. § 2256(8)(A).

In order to determine whether there is a substantial basis in law and fact for questioning the appellant's guilty pleas, we must decide whether the guilty pleas were based, in whole or in part, upon the portions of the definition of child pornography later struck down in *Free Speech Coalition*. In the appellant's case, the military judge did not provide a definition of "child pornography" encompassing any of the four categories under 18 U.S.C. § 2256. After reading the elements of the specifications at issue, the military judge asked, after each specification, whether those elements and definitions correctly described what the appellant did, to which the appellant replied, each time, "Yes, sir." Record at 14. Finally, after inquiry into the terms of the appellant's pretrial agreement, the military judge asked the appellant if he had any questions concerning his pleas of guilty, his pretrial agreement, or "anything else we have discussed today[,]" which would necessarily include any questions concerning the elements. The appellant responded, "No, sir." *Id.* at 31.

The Government also offered a representative sample of the images received by the appellant over the Internet, confirming that they depicted actual children engaged in sexually-explicit conduct. Prosecution Exhibits 3 and 6. *See United States v. Johnson,* 42 M.J. 443, 445 (C.A.A.F.1995)(noting that in determining the providence of pleas, appellate courts must consider the entire record). After this court's review of the entire record, we find that the representative sample of images received by the appellant over the Internet, and contained within the record, support the conclusion that the images depict actual children engaged in sexually explicit conduct.

The United States Court of Appeals for the Armed Forces has recently set forth its test for the providence of pleas to offenses involving the CPPA in *United States v. O'Connor,* 58 M.J. 450 (C.A.A.F.2003). Our superior court held that, after *Free Speech Coalition,* "[t]he 'actual' character of the visual depictions is now a factual predicate to any plea of guilt under the CPPA." *Id.* at 453. Our superior court also held that the "[p]lea inquiry and the balance of the record must objectively support the existence of this factual predicate." *Id.* This requirement was not met in *O'Connor,* where the accused merely indicated "the occupants in the pictures *appeared to be* under the age of 18." *Id.*

We conclude that the actual character of the visual depictions objectively supports the providence inquiry. The following colloquy between the military judge and the appellant demonstrates that the appellant was fully aware that the pictures he accessed, received, viewed, and downloaded were of actual minors visually depicted in sex acts:

MJ: And were these pictures—these types of pictures I just mentioned, were these of minor children engaging in these acts?

ACC: Yes, sir.

MJ: How did you know they were minor children?

ACC: By approximate age, looking at them.

MJ: Okay. What clued you in?

ACC: When it was sent to me or when I looked at it I saw what it was.

MJ: Well, was it clear in your mind that these were minors, i.e. individuals under the age of 18?

ACC: Yes, sir.

MJ: Could you tell by lack of physical development, pubic hair, that kind of thing?

ACC: Yes, sir.

MJ: And so did that lead you to believe that that was—that these were minors?

ACC: Yes, sir.

. . . .

MJ: And did you know these visual depictions were of minors engaging in sexually explicit conduct?

ACC: Yes, sir. After I had seen what they were, yes, sir.

Record at 17–18.

The court in *O'Connor* was concerned with the "critical significance" of the distinction between "virtual" and "actual" child pornography. 58 M.J. at 453. The facts elicited by the military judge during the appellant's providence inquiry leave no room for doubt that the appellant pled providently to receipt and possession of "actual" child pornography. Record at 17–22.

The appellant's implicit assertion that the military judge's providence inquiry left open the possibility that he pled guilty under an invalid definition of child pornography is not well taken. The Supreme Court's ruling in *Free Speech Coalition* invalidated only two of the four definitions of child pornography under the CPPA. 535 U.S. at 251, 122 S.Ct. 1389. The provision under the CPPA prohibiting the receipt of visual depictions, the production of which involves minors engaged in sexually-explicit conduct, was untouched by the Court's ruling. The appellant's conduct clearly fall's under that category of contraband "speech." The appellant's hair-splitting effort to differentiate images depicting children engaged in sexually-explicit conduct, and images "produced" using children engaged in sexually-explicit conduct, is rejected by this court, as our superior court and other service courts have rejected other such efforts in the past. *See United States v.*

*James,* 55 M.J. 297, 300–01 (C.A.A.F.2001)(finding the appellant's pleas provident, despite any constitutional deficiency with certain parts of the CPPA, given the appellant's admissions during the providence inquiry that the images at issue depicted actual children); *see also United States v. Appeldorn,* 57 M.J. 548, 550 (A.F.Ct.Crim.App.2002)(finding an appellant's pleas provident as his in-court admissions established his guilt under sections of the CPPA that were unaffected by the Court's ruling in *Free Speech Coalition);* and *United States v. Coleman,* 54 M.J. 869, 872 (Army Ct.Crim.App.2001)(rejecting an appellant's claim that his plea under the CPPA was improvident, because the appellant never explicitly admitted on the record that the images at issue depicted "real" children), *rev. denied,* 55 M.J. 476 (C.A.A.F. 2001).

The appellant's belated effort to distance himself from the plain-spoken exchange between himself and the military judge at trial is rejected. We will not accept the appellant's invitation to indulge in post-trial speculation. *See Johnson,* 42 M.J. at 445 (noting that appellate courts do not engage in post-trial speculation concerning facts that might invalidate an accused's plea, particularly when such speculation contradicts the express admissions by the accused on the record).

The military judge questioned the appellant at length about his understanding of the offenses to which he pled guilty, and the factual basis for his pleas, as required by R.C.M. 910(e). The military judge informed the appellant of the elements of the offenses. The appellant agreed that the elements accurately described what he did. Record at 22.

Pursuant to the terms of a pretrial agreement, Appellate Exhibit I, the appellant agreed to a detailed stipulation of fact, Prosecution Exhibit 1, describing the offenses. *Id.* at 27. In response to an inquiry by the military judge, the appellant acknowledged that he understood everything contained within the stipulation of fact, and that everything was, in fact, "[t]he truth." Record at 11. The appellant stipulated, in part, that:

[F]ive (5) of the floppy disks and all five (5) of the "Zip" drive disks contained several (more than three) visual depictions of male and female minors engaging in sexually explicit conduct.

Prosecution Exhibit 1, ¶ 2. Further, with respect to both Specifications 1 and 2 of the Charge, the appellant admitted and agreed that "[t]he visual depictions contained minors (persons under the age of eighteen) engaged in sexually explicit conduct[;]" *i.e.,* child pornography. *Id.* at ¶¶ 3 and 4. Furthermore, the appellant admitted and agreed that the definition of child pornography—images of minor children engaging in sexually explicit conduct—means:

[A]ctual or simulated sexual intercourse, including: genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; masturbation; or lascivious exhibition of the genitals or pubic area of any person.

*Id.* at ¶ 4; *see also* 18 U.S.C. § 2256(5), in part.

The stipulation of fact makes it clear that the appellant's belief that these images were, in fact, individuals under 18 years of age resulted from viewing the images himself. We are convinced that the somewhat incomplete definition was sufficient in this case. *See generally Appeldorn,* 57 M.J. 548. We conclude that any error of law in providing that definition does not create a substantial basis for challenging the plea. Accordingly, we decline to grant relief.

### Sentencing Argument

In the appellant's second assignment of error, he summarily asserts that the trial counsel's statement during sentencing argument that the reason the appellant downloaded these images is "[b]ecause he has a sexual interest in children" was plain error. Record at 51. He argues that it is plain error because the trial counsel's comments improperly implied that the appellant would commit or had committed uncharged acts of child sexual abuse. The appellant suggests that this court should set aside the sentence. We disagree.

We note that the trial defense counsel did not object to the statement at trial. Record

at 52–57. Thus, to prevail, the appellant must show plain error. *United States v. Edwards,* 35 M.J. 351, 355 (C.M.A.1992). To demonstrate plain error, the appellant must show that the alleged error was plain or obvious and that it materially prejudiced his substantial rights. *United States v. Kho,* 54 M.J. 63, 65 (C.A.A.F.2000). However, in courts-martial, "[w]here argument is directly related to a legitimate concern on sentencing, the fact that it evokes strong emotions does not independently indict it as improper." *United States v. Williams,* 23 M.J. 776, 779 (A.C.M.R.1987)(citing *Brooks v. Kemp,* 762 F.2d 1383, 1405 (11th Cir.1985)(*en banc*), *vacated and remanded on other grounds,* 478 U.S. 1016, 106 S.Ct. 3325, 92 L.Ed.2d 732 (1986)).

Far from constituting or causing plain error, the trial counsel's statement was entirely proper. Speaking of the appellant, and asking the judge to consider the degradation of the "3, 4, 5, [and] 6 year old" children in the hundreds of pictures the appellant downloaded and carefully categorized, the trial counsel said, "[t]he common sense answer is that he looked at these pictures and he saved them because they aroused him because he has a sexual interest in children." Record at 51. His comment was amply supported by statements of the appellant, both at trial and in his statement to the Naval Criminal Investigative Service (NCIS), and also by other trial testimony. Prosecution Exhibit 2. The appellant's statements included his admission that he "[e]njoyed looking at the pictures of the older children." *Id.* The evidence at trial showed that there were more than 600 images of child pornography on disks confiscated from the appellant by NCIS. Record at 37. In light of the aforementioned, the comment by the trial counsel was a reasonable inference from the evidence. We conclude that the trial counsel's argument was proper, because it was a fair comment on the evidence. Contrary to the appellant's suggestion, the trial counsel's comment did not, by itself, imply that the appellant would commit or had committed uncharged acts of child sexual abuse. *See* Appellant's Brief of 23 Dec 2002 at 10.

Furthermore, even if there was error, and even if that error was obvious, it did not cause material prejudice to the appellant's substantial rights. The cases cited by the appellant in support of this argument were all cases tried before members; the case at bar was tried before a military judge alone. A military judge is presumed to know and follow the law. *United States v. Prevatte,* 40 M.J. 396, 398 (C.M.A.1994). Likewise, a military judge may be presumed to have disregarded any improper argument. *United States v. Waldrup,* 30 M.J. 1126, 1132 (N.M.C.M.R.1989). As such, we decline to grant relief.

### Conclusion

Accordingly, we affirm the findings and the sentence, as approved by the convening authority.

Chief Judge DORMAN and Judge VILLEMEZ concur.