**UNITED STATES**

v.

**John D. WASHBURNE, Electronics Technician Second Class (E–5), U.S. Navy.**

**NMCCA 200300123.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 22 Feb. 2002.

Decided 9 April 2004.

LtCol John Bobrowiecki, USMCR, Appellate Defense Counsel.

CDR George F. Reilly, JAGC, USN, Appellate Defense Counsel.

Capt Wilbur Lee, USMC, Appellate Government Counsel.

Before DORMAN, Chief Judge, VILLEMEZ, and HARRIS, Appellate Military Judges.

HARRIS, Judge:

The appellant was tried by a general court-martial composed of a military judge, sitting alone. Pursuant to his pleas, the appellant was convicted of: (1) two specifications of knowingly possessing child pornography; and, (2) two specifications of knowingly distributing child pornography, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, and 18 U.S.C. § 2252A. The appellant was sentenced to confinement for 85 days, reduction to pay grade E–2, forfeiture of $300.00 pay per month for 3 months, and a bad-conduct discharge. The convening authority approved the adjudged sentence and, except for the bad-conduct discharge, ordered the punishment executed.

We have carefully considered the record of trial, the appellant's two assignments of error, in which he asserts that his pleas of guilty to possessing and distributing child pornography was improvident and that 18 U.S.C. § 2252A violates the First Amendment to the United States Constitution, and the Government's response. We conclude that the findings and the sentence are cor-

rect in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

## Background

It is a crime to:

... knowingly possesses any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer[.]

18 U.S.C. § 2252A(a)(5)(B). Additionally, it is also a crime for any person to knowingly distribute:

(A) any child pornography that has been mailed,shipped or transported in interstate or foreign commerce by any means, including by computer; or,

(B) any material that contains child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer[.]

18 U.S.C. § 2252A(a)(2). On 16 April 2002, after the appellant's trial, but before the convening authority acted on the appellant's case, the Supreme Court decided *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002). In *Free Speech Coalition*, the Supreme Court addressed a challenge to two of the four sections of 18 U.S.C. 2256 (Child Pornography Prevention Act (CPPA)), which defines child pornography. The petitioners in *Free Speech Coalition* challenged language defining child pornography as images in which: (1) the visual depiction "is, *or appears to be,* of a minor engaged in sexually explicit conduct;" or, (2) the image is "advertised, promoted, presented, described, or distributed in such a manner *that conveys the impression*" that it depicts "a minor engaging in sexually explicit conduct." *Id.* at 241, 122 S.Ct. 1389 (emphasis added); *see also* 18 U.S.C. § 2256(8)(B) and (D). Finding these

provisions prohibited a "substantial amount of protected speech," the Court deemed the challenged language overbroad and unconstitutional. *Free Speech Coalition,* 535 U.S. at 241–42, 122 S.Ct. 1389. The Court's ruling left intact two other definitions of child pornography, including the definition targeting images where "the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct[.]" 18 U.S.C. § 2256(8)(A).

## Insufficient Providence Inquiry

In the appellant's first assignment of error, he asserts that his pleas of guilty to possessing and distributing child pornography in contravention of 18 U.S.C. § 2252A(a)(2) and (5)(B), were improvident, because the providence inquiry is devoid of any factual basis discussing how the images which lead to the charges were produced. In effect, the appellant is implicitly arguing that the military judge did not sufficiently establish whether he possessed images that were created using *actual* children, as opposed to *virtual* images. The appellant avers that this court should set aside his conviction. We disagree.

In *United States v. Leco,* 59 M.J. 705 (N.M.Ct.Crim.App.2003), this court held in cases involving child pornography, brought under 18 U.S.C. § 2252, that the statute's various subsections "set out the numerous prohibitions designed to prevent child pornography, to forbid every act by which child pornography could adversely affect the United States, and to extend the prohibitions to the maximum extent of Congress' legislative authority under the Commerce Clause." *Leco,* 59 M.J. at 707–08. The *Leco* court's conclusions also apply to child pornography cases, such as the appellant's, brought under 18 U.S.C. § 2252A.

 For a military judge to accept an accused's guilty plea, his inquiry must both establish that "the accused himself believes he is guilty" and that "the factual circumstances as revealed by the accused himself objectively support that plea". *United States v. Higgins,* 40 M.J. 67, 68 (C.M.A.1994)(quoting *United States v. Davenport,* 9 M.J. 364, 367 (C.M.A.1980)); *Unit-*

*ed States v. Care*, 40 C.M.R. 247, 1969 WL 6059 (C.M.A.1969); *see also* Art. 45(a), UCMJ, 10 U.S.C. § 845(a). This inquiry must elicit sufficient facts to satisfy every element of the offense in question. RULE FOR COURTS-MARTIAL 910(e), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2000 ed.), Discussion. R.C.M. 910 requires the military judge to inform the accused of, and determine that the accused understands the nature of, the offense to which the guilty plea is offered. A military judge, however, is not required "to embark on a mindless fishing expedition to ferret out or negate all possible defenses or potential inconsistencies." *United States v. Jackson*, 23 M.J. 650, 652 (N.M.C.M.R.1986). If the "factual circumstances as revealed by the accused himself objectively support that plea," the factual predicate is established. *United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F.1996)(quoting *Davenport*, 9 M.J. at 367).

■ A judge's acceptance of a guilty plea will not be set aside absent an abuse of discretion. *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F.1996). However, a guilty plea does not preclude a constitutional challenge to the underlying conviction. *Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975). To prevail here, the appellant must demonstrate "a 'substantial basis' in law and fact for questioning the guilty plea." *Eberle*, 44 M.J. at 375 (quoting *United States v. Prater*, 32 M.J. 433, 436 (C.M.A.1991)). The appellant must "overcome the generally applied waiver of the factual issue of guilt inherent in voluntary pleas of guilty." *United States v. Dawson*, 50 M.J. 599, 601 (N.M.Ct.Crim.App.1999).

"For simple military offenses whose elements are commonly known and understood by servicemembers, an explanation of the elements of the offense is not required to establish the providence of a guilty plea if the record otherwise makes clear that the accused understood those elements." *United States v. Nystrom*, 39 M.J. 698, 701 (N.M.C.M.R.1993)(citing *United States v. Kilgore*, 44 C.M.R. 89, 1971 WL 12456 (C.M.A.1971)). For more complex offenses, failure to explain the elements may result in reversal, if the accused was unaware of the elements required to prove his guilt. *Nystrom*, 39 M.J. at 701–02 (citing *United States v. Pretlow*, 13 M.J. 85, 88 (C.M.A.1982)).

■ We now consider whether the providence inquiry was sufficient to support the appellant's pleas to possessing and distributing images of *actual* children as opposed to *virtual* images, i.e., child pornography, that had been transported in interstate or foreign commerce, or that had been produced using material which had been transported in interstate or foreign commerce. As noted above, the appellant pled guilty to each of the four specifications of the Charge.

In effect, the appellant now claims that each of his pleas was improvident, because each of the four specifications of the Charge incorporated the unconstitutional definitions of 18 U.S.C. § 2256. The appellant implies that the military judge left open the possibility that he was pleading guilty under an unconstitutional provision of the CPPA, and that the military judge failed to establish a basis for whether the real harm of child pornography was even present in this case, i.e., whether minor children were actually used to produce the explicit images. With regard to the images that are the subject of Specifications 1, 2, and 3 of the Charge, the appellant openly admitted to the military judge that the images at issue were child pornography. Record at 29, 36, and 40. However, with regard to Specification 4 of the Charge, the military judge never specifically asked the appellant whether the images at issue were images of actual children. Nonetheless, we are satisfied that the images at issue in Specification 4 of the Charge are images of child pornography, based on the military judge's inquiry into that specific offense, to be addressed below.

Although the military judge never specifically defined for the appellant the term child pornography, as described in 18 U.S.C. § 2256(8), or any of the other terms delineated in the statute before conducting the providence inquiry,[1] the appellant had previously

---

1. In addition to the term "child pornography", as defined in 18 U.S.C. § 2256(8)(1996)(current

been exposed to the definitions found in 18 U.S.C. § 2256, and in particular, the definition for child pornography. The military judge asked the appellant, "Okay. What makes you think it was child pornography?" Record at 29. Whereupon the appellant replied, "Because of reading the U.S.Codes and discussing with my counsel what . . . qualifies [as child pornography.]" [2] *Id.* At which point the military judge completed the providence inquiry into all four specifications of the Charge. *Id.* at 29–50, 55–58.

The following colloquy between the military judge and the appellant demonstrates the appellant was fully aware that the pictures he either accessed or received, viewed, downloaded, possessed and/or distributed, were of *actual* "identifiable minors" visually depicted in "sexually explicit conduct." With respect to Specification 1 of the Charge:

MJ: [W]hat was depicted in the picture?

ACC: It was a girl who appeared to be of a very young age, sitting in a chair, and giving fellatio to someone.

. . .

MJ: [H]ow do you know the image was of a child under the age of 18?

ACC: She appeared to be very, very young, sir.

. . .

MJ: [Y]ou're confident that the image is of a child and not a short adult?

ACC: Yes, sir.

. . .

MJ: So, it was obvious to you this was a child and not an adult?

ACC: Yes, sir.

MJ: It couldn't have been another short adult, or a young-looking adult?

ACC: No, sir.

Record at 29–30.

. . .

MJ: [H]ow old would you say?

ACC: [P]robably 10 or less.

MJ: [T]here's no question in your mind this is a child?

ACC: No, sir.

*Id.* at 55. With respect to Specification 2 of the Charge:

MJ: [W]hat did this picture depict?

ACC: This was a little girl sitting on a— what appeared to be a teenage boy, and they were engaged in sex.

. . .

MJ: [W]as it depicting intercourse of some kind?

ACC: Yes, sir.

MJ: [A]nd that was clear from the image?

ACC: Yes, sir.

MJ: [W]as penetration depicted, or was it, like implied?

ACC: I believe it was implied, sir.

MJ: [W]hat makes you think that the image was of a child under the age of 18?

ACC: Due to the development of her body, like her hips and what not, appeared to be undeveloped, or underdeveloped, sir.

MJ: [C]ould it have been just an underdeveloped adult?

ACC: I don't believe so, sir.

*Id.* at 36–37.

. . .

MJ: How [old]?

---

version at 18 U.S.C. § 2256 (2003)), when conducting a providence inquiry into charges relating to 18 U.S.C. §§ 2251 et seq., military judges would be better served to also define the following terms found in 18 U.S.C. § 2256 (2003), when applicable: (1) "minor"; (2) "sexually explicit conduct" (Amended 30 April 2003 subsequent to the appellant's offenses); (3) "producing"; (4) "organization"; (5) "visual depiction"; (6) "computer"; (7) "custody or control"; (9) "identifiable minor"; (10) "graphic", when used with respect to a "depiction" of "sexually explicit conduct"; and (11) "indistinguishable", when used with respect to a "depiction". *See* Star Modern Federal Jury Instructions–Criminal, Matthew Bender & Company, Inc. (2003)(delin-

eating also the elements of each of the statutory offenses). In addition to the aforementioned terms, in the appellant's case, the military judge would have been better served to have also defined, among others, the following terms, "possess", "distribute", and "interstate or foreign commerce". *Id.*

2. Although the aforementioned colloquy was conducted during the providence inquiry into Specification 1 of the Charge, we find it also equally applicable to Specifications 2, 3, and 4 of the Charge as it pertains to the appellant's state of mind.

ACC: [I] would say 8 or less.

*Id.* at 56. With respect to Specification 3 of the Charge:

MJ: [W]hat image did you send? ... [W]hat did it depict?

ACC: It was a girl that I believed to be under the age of 18, and she was nude and showing her genitalia.

MJ: [W]hat makes you think it was a girl under the age of 18?

ACC: [S]ir, the developmental—looking at it, it was—

MJ: Could this just be a woman who— over 18 who is not developed?

ACC: I don't believe so, sir.

. . .

MJ: [I]t's obvious to you this individual was under 18?

ACC: Yes, sir.

. . .

MJ: Was this person just standing there, or was this person engaging in sexually explicit conduct?

ACC: She was standing there, and show- ing her genitalia in a suggestive manner.

. . .

MJ: [A]nd you believe that constitutes sexually explicit conduct?

ACC: Yes, sir.

*Id.* at 40–42.

. . .

ACC: Sir, I would say this one's a little bit older, but still, probably, 14, in that area.

MJ: [T]here's no possibility the person could be 18?

ACC: No, sir.

. . .

MJ: Is there any question in your mind that this is an underage individual? ACC: No, sir.

*Id.* at 56. With respect to Specification 4 of the Charge:

MJ: [W]hat was this image?

ACC: It was a girl who appears to be well under age, naked, sitting on top of a male that is receiving fellatio from another fe- male who appears to be of age.

. . .

MJ: This underage female is involved in the sexual act?

ACC: Yes, sir.

MJ: [W]hat makes you think this image depicts an underage person?

ACC: Looking at her again, with the de- velopmental—she looks to me to clearly be underage.

MJ: [I]s she clothed or is she naked?

ACC: Naked, sir.

MJ: Okay. And you're saying she's not developed?

ACC: Yes, sir.

. . .

MJ: But it's not a close call in your mind? This is clearly a child?

ACC: Yes, sir.

*Id.* at 48–49.

. . .

MJ: [H]ow about the—Specification 4?

ACC: I would estimate as 7, sir.

MJ: [N]o question in your mind that's an underage individual?

ACC: Yes, sir.

*Id.* at 56–57. With regards to all four speci- fications of the charge, the appellant also stipulated that the "images," i.e., visual de- pictions, that he both possessed and distrib- uted did constitute child pornography, i.e., "identifiable minors" engaging in "sexually explicit conduct." Prosecution Exhibit 1 at Paragraphs 3, 4, 5, and 6.

In the appellant's case, as in *United States v. Martens*, 59 M.J. 501, 508 (A.F.Ct.Crim. App.2003), *rev. granted*, 59 M.J. 30 (C.A.A.F. 2003), the appellant never indicated that the pictures in question were child pornography only because they *appeared to be actual* chil- dren, nor does the record indicate that the images in question are "computer-generated" or *virtual* photographs, despite the military judge failing to define suitable terms for the appellant. In short, the facts and evidence adduced by the military judge during the appellant's guilty plea sufficiently demon- strate the images at issue depict *actual* chil- dren. There was absolutely no suggestion by the appellant during the providence inqui- ry or any other evidence offered at trial

suggesting the images were computer generated, "morphed," or otherwise fabricated. Nor did the Government proceed on the theory that the images in question were anything other than images depicting *actual* children engaged in "sexually explicit conduct." There certainly was no issue concerning how the images were "advertised, promoted, presented, described, or distributed." *See* 18 U.S.C. §§ 2252A and 2256.

In order to determine whether there is a substantial basis in law and fact for questioning the appellant's guilty pleas, we must decide whether the guilty pleas were based, in whole or in part, upon the portions of the definition of child pornography later struck down in *Free Speech Coalition*. After reading the elements for each specification at issue, the military judge asked the appellant whether he understood the elements, to which the appellant replied, "Yes, sir." Record at 26. The military judge then asked the appellant if those elements correctly described what he did, to which the appellant replied, "Yes, sir." *Id.* Finally, the military judge asked the appellant, "[d]o you believe and admit that taken together, the elements that I listed for you, the stipulation of fact [(Prosecution Exhibit 1)], and the matters that we just discussed correctly describe what you did on each occasion?" *Id.* at 57–58. To which the appellant replied, "Yes, sir." *Id.* at 58. Further, after inquiry into the terms of the appellant's pretrial agreement, the military judge asked the appellant if he had any questions concerning his pleas of guilty, his pretrial agreement, or "anything else we've discussed today[,]" to which the appellant responded, "No, sir." *Id.* at 69.

Although evidence to support the charges against the appellant was submitted by the staff judge advocate as Enclosure (1) to his 27 November 2001, Article 34, UCMJ, 10 U.S.C. § 834, advice letter to the convening authority for his decision on the possible referral of the charges against the appellant to a general court-martial, none of that evidence was presented to the military judge for use in the providence inquiry or admitted in aggravation at the appellant's court-martial. As such, this court cannot conduct its own evaluation of the images that formed the

basis of the charges against the appellant. Nonetheless, we find that this is not fatal where, as here, the military judge: (1) considers an adequate descriptive stipulation of fact supporting each charge; or, (2) elicits from the accused during the providence inquiry a sufficient verbal description of the child pornography supporting each charge where a child, i.e., "identifiable minor", was actually used to create the child pornography by engaging in "sexually explicit conduct," all as defined in 18 U.S.C. 2256; or, (3) a combination of both (1) the stipulation of fact and (2) the providence inquiry; and, (4) either (1) the stipulation of fact or (2) the providence inquiry, or both (1) the stipulation of fact and (2) the providence inquiry make clear that the images in question do depict images of *actual* identifiable minors engaging in sexually explicit conduct, as opposed to *virtual* or morphed images.

The United States Court of Appeals for the Armed Forces has recently set forth its test for the providence of pleas to offenses involving the CPPA in *United States v. O'Connor*, 58 M.J. 450 (C.A.A.F.2003), as recently followed by this court in *Leco*, 59 M.J. 705. Our superior court held that, after *Free Speech Coalition*, "[t]he 'actual' character of the visual depictions is now a factual predicate to any plea of guilt under the CPPA." *O'Connor*, 58 M.J. at 453. Our superior court also held that the "plea inquiry and the balance of the record must objectively support the existence of this factual predicate." *Id.* This requirement was not met in *O'Connor*, where the accused merely indicated "the occupants in the pictures *appeared to be* under the age of 18." *Id.* (emphasis in original).

The Court in *O'Connor* was concerned with the "critical significance" of the distinction between *virtual* and *actual* child pornography. *O'Connor*, 58 M.J. at 453. The facts elicited by the military judge during the appellant's providence inquiry leave no room for doubt that the appellant pled providently to possession of *actual* child pornography. Record at 28–50, 55–58.

The appellant's implicit assertion that the military judge's providence inquiry left open the possibility that he pled guilty under an

872

invalid definition of child pornography is without merit. As previously stated, the Supreme Court's ruling in *Free Speech Coalition* invalidated only two of the four definitions of child pornography under the CPPA. 535 U.S. at 251, 122 S.Ct. 1389. The provision under the CPPA prohibiting the receipt of visual depictions, the production of which involves "identifiable minors" engaged in "sexually explicit conduct," was untouched by the Supreme Court's ruling.

The appellant's conduct clearly fell under that category of contraband "speech." The appellant's implicit effort to now distinguish the images depicting *actual* children engaged in "sexually explicit conduct" as possibly being *virtual* images, merely because the military judge did not specifically elicit from him during the providence inquiry that the images were not *virtual* images, is rejected by this court, as our superior court and other service courts have rejected other such similar efforts in the past. *See United States v. James,* 55 M.J. 297, 300–01 (C.A.A.F.2001)(finding the appellant's pleas provident, despite any constitutional deficiency with certain parts of the CPPA, given the appellant's admissions during the providence inquiry that the images at issue depicted *actual* children); *see also United States v. Appeldorn,* 57 M.J. 548, 550 (A.F.Ct.Crim.App.2002)(finding an appellant's pleas provident as his in-court admissions established his guilt under sections of the CPPA, which were unaffected by the Court's ruling in *Free Speech Coalition);* and *United States v. Coleman,* 54 M.J. 869, 872 (Army Ct.Crim.App.2001)(rejecting an appellant's claim that his plea under the CPPA was improvident, because the appellant never explicitly admitted on the record that the images at issue depicted "real" children), *rev. denied,* 55 M.J. 476 (C.A.A.F. 2001).

At this juncture, we conclude that the stipulation of fact and the providence inquiry which sufficiently describe the actual character of the visual depictions charged, objectively support the appellant's pleas. As such, we decline to grant relief. Further, we find the appellant's second assignment of error, that 18 U.S.C. § 2252A is unconstitutional as violative of the First Amendment to the United States Constitution, to be without merit. We further conclude that the appellant's "speech" fell under that form of conduct prohibited by 18 U.S.C. § 2256(8)(A), which we find to be constitutional in that it is neither vague nor overbroad.

### Conclusion

Accordingly, we affirm the findings and the sentence, as approved by the convening authority. We further order Enclosure (1) of the staff judge advocate's Article 34, UCMJ, advice letter, sealed.

Chief Judge DORMAN and Judge VILLEMEZ concur.